# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUPREME MANUFACTURING, INC. | : | CIVIL ACTION NO: |
| Plaintiff, | : | |
| vs. | : | |
| MAXUS CAPITAL GROUP, LLC | : | JURY TRIAL DEMANDED |
| Defendant | : | |

## COMPLAINT

AND NOW, comes the Plaintiff, SUPREME MANUFACTURING, INC. by and through counsel, Jeffrey P. Myers, Esq. and the Myers Law Group, LLC in the above-captioned matter and files this Complaint and in support thereof avers as follows:

### Jurisdiction:

1. Diversity provides a basis of this Court's jurisdiction. 28 U.S.C. §§ 1332.

2. This Court has supplemental jurisdiction over the pendent state law claims by reason of 28 U.S.C. § 1367.

### Venue:

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to these claims occurred in this district. 28 U.S.C. §1965 also provides a basis for venue.

**The parties:**

4. Plaintiff, Supreme Manufacturing, Inc. (Supreme), is a Pennsylvania Corporation which does business and maintains a principal place of business in this judicial district at 327 Billy Boyd Rd., Stoneboro, PA 16153.

5. Defendant, Maxus Capital Group, LLC (Maxus), is a limited liability company which has a principal place of business at 31300 Bainbridge Road, Cleveland, OH 44139.

**Factual Background:**

6. Supreme and Sully-Miller Contracting Company, doing business as United Rock Products (Buyer) began negotiating a purchase order for the inventory component parts necessary to construct One (1) SMI-16 Yard Twin – MD (Mine Duty Gantry) Dredge (Equipment) on or about May 8, 2014.

7. Supreme and Buyer completed a Purchase Order for the Equipment with an order date of 10/2/2014 for $8,166,700.00. A copy of the Purchase Order (PO) is submitted herewith as Exhibit "A".

8. The payment terms in the PO provided for a 10% down payment from Buyer with an additional amount of 75% to be due upon delivery of the equipment, as further described in Exhibit "A".

9. Maxus, by its Leasing Proposal dated December 30, 2014, attached hereto as Exhibit ""B, its Amendment dated January 6, 2015, attached hereto as Exhibit "C" and its Commitment Letter dated February 18, 2015, attached hereto as Exhibit "D", agreed to finance the project by leasing the Equipment to Supreme while Supreme constructed the Equipment and prepared to deliver the Equipment to Buyer. A copy of the Lease is attached hereto, marked as Exhibit "E".

10. As described further in the Commitment Letter, Supreme agreed to pay a monthly rent to Maxus until Supreme either purchased "all but not less than all Equipment at the then fair market value" or exercised an early termination option.

11. As further described in the lease, upon final payment pursuant to the early termination option, Maxus agreed to issue a bill of sale to Supreme conveying all of its right, title and interest in the Equipment, free and clear of all liens and encumbrances created by, through or under Maxus.

12. On or about October 14, 2015, Supreme received the 85% of the purchase price per the purchase order.

13. On or about October14, 2015, Supreme forwarded the loan amount of $3,996,249.96 to Maxus via a bank transfer.

14. On or about October 15, 2015, Supreme forwarded to Maxus a check in the amount of $20,507.40, representing the full outstanding amount remaining due to Maxus.

15. On October 20, 2015, Maxus, by letter, returned the check deeming it to be insufficient to pay the "Early Purchase Amount" purportedly set forth in the Lease. Said letter is attached as Exhibit "F"

16. In that same letter, Maxus demanded an additional exit fee in the amount of $245,001.00, representing three percent (3%) of the purchase price.

17. Maxus also demanded the exit fee of $245,001.00 in an email on October 14, 2015. Said email is attached hereto as Exhibit "G".

18. The alleged three percent "exit fee" is not included in the Leasing Proposal, the Amended Leasing Proposal, the Commitment Letter, the Lease, or any document between the parties.

19. Maxus refuses to issue a bill of sale to Supreme conveying all of its right, title and interest in the Equipment, free and clear of all liens and encumbrances created by, through or under Maxus.

20. Maxus thereafter telephoned Supreme on numerous occasions, threatening Supreme's Owner and CEO if payment was not made.

21. Maxus left the aforesaid threats on Supreme's voicemail.

## COUNT I – RICO

22. Supreme incorporates by reference the statements contained in the preceding paragraphs as if the same were set forth at length herein.

23. Maxus' lending and credit practices are extortionate in violation of the Racketeer Influenced and Corrupt Organizations Act.

## COUNT II -Breach of Contract
### (Pendent State Claim)

24. Supreme incorporates by reference the statements contained in the preceding paragraphs as if the same were set forth at length herein.

25. The parties had a contract whereby Maxus agreed to issue a bill of sale to Supreme conveying all of its right, title and interest in the Equipment, free and clear of all liens and encumbrances created by, through or under Maxus once payment had been made by Supreme in full.

26. Supreme has paid all sums due under the contract.

27. Maxus refuses, and continues to refuse to issue a bill of sale to Supreme conveying all of its right, title and interest in the Equipment, free and clear of all liens and encumbrances.

28. Maxus is in breach of the contract between the parties.

29. Supreme has been damaged by Maxus' breach.

### COUNT III – Unfair Trade Practices
### (Pendent State Claim)

30. Supreme incorporates by reference the statements contained in the preceding paragraphs as if the same were set forth at length herein.

31. Maxus violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law by imposing false credit costs and other charges and otherwise engaging in fraudulent or deceptive conduct.

### RELIEF REQUESTED

WHEREFORE, Plaintiff SupremeManufacturing Inc. demands the following relief:

(a) That Maxus Capital Group, LLC is directed to issue a bill of sale to Supreme Manufacturing, Inc. conveying all of its right, title and interest in the Equipment, free and clear of all liens and encumbrances.

(b) That Maxus Capital Group, LLC is directed to pay Supreme Manufacturing, Inc. the sum of $735,000, which repesents three (3) times the amount of the false "exit fee."

(c) That Maxus Capital Group, LLC is directed to pay Supreme Manufacturing, Inc.'s costs of suit and attorney's fees.

(d) That Plaintiff be awarded such other and further relief, including all appropriate equitable relief, as this Court deems appropriate under the circumstances.

By: *s/Jeffrey P. Myers*
Jeffrey P. Myers, Esquire
Pa. I.D. #90677
17025 Perry Highway
Warrendale, PA  15086
Tel:  724-778-8800
Fax: 724-779-9650
E-mail:  jpmyerslawoffice@gmail.com
ATTORNEYS FOR PLAINTIFF